IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KEVIN CARLSON,

                      OPINION AND ORDER

            Plaintiff,

                      14-cv-227-bbc

    v.

CAROLYN W. COLVIN,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Kevin Carlson is seeking review of a final decision by defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying part of his claim for disability insurance benefits under the Social Security Act. 42 U.S.C. § 405(g). The administrative law judge, Janice Bruning, found that plaintiff suffered from severe impairments related to his obesity and pain in his back and hamstring and that plaintiff became disabled as of May 3, 2012. Plaintiff says that his disability onset date was actually more than two years earlier, on December 15, 2009.

      Plaintiff challenges numerous aspects of the administrative law judge's decision, but his strongest argument is that the administrative law judge failed to make an adequate credibility determination. I agree with plaintiff that the administrative law judge's discussion of that issue was conclusory and relied on inappropriate factors. Accordingly, I am remanding the decision for reconsideration of plaintiff's credibility. Plaintiff is free to ask

the administrative law judge to reconsider the other issues that he raises on appeal, such as the effect of his obesity on his ability to work, the medical records that she did not discuss in her decision and his alleged mental health impairment.

OPINION

An administrative law judge's credibility determination is entitled to deference only if she explains her reasoning and builds an accurate and logical bridge from the evidence to her conclusion. Shideler v. Astrue, 688 F.3d 306, 310-11 (7th Cir. 2012); Lopez ex rel. Lopez v. Barnhart, 336 F.3d 535, 539 (7th Cir. 2003). In this case, the administrative law judge did not do that. In fact, the administrative law judge said almost nothing about plaintiff's credibility in her decision.

Her first mistake was reciting the boilerplate statement that the Court of Appeals for the Seventh Circuit has criticized in numerous opinions: "[T]he claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment." AR 21-22. The court of appeals has "repeatedly condemned the use of that boilerplate language because it fails to link the conclusory statements made with objective evidence in the record." Moore v. Colvin, 743 F.3d 1118, 1122 (7th Cir. 2014). In addition, the boilerplate "implies that ability to work is determined first and is then used to determine the claimant's credibility," Bjornson v. Astrue, 671 F.3d 640, 644, 654 (7th Cir. 2012), which "puts the cart before the horse" because "the determination of capacity must be based on the

evidence, including the claimant's testimony, rather than forcing the testimony into a foregone conclusion." Filus v. Astrue, 694 F.3d 863, 868 (7th Cir. 2012).

The administrative law judge's only other direct reference to the credibility of any of plaintiff's statements is a short paragraph toward the end of her opinion:

> Claimant complained that it was hard to drive due to [a] pain pump, yet he drove to the hearing [in Oak Brook, Illinois] from Elgin, Illinois. He mentioned he did not take pain medications if he drove, but the medical evidence showed no complaints of side effects from medication. Claimant denied he was advised to get treatment for alcohol use, but medical records indicate claimant was told to cut down on alcohol. Claimant can perform activities of daily living and waters flowers. Per testimony claimant uses a self-propelled snow blower. He can use a personal computer for email and research his sports memorabilia collection.

AR 24 (citations omitted).

There are a number of problems with this discussion. To begin with, to the extent the administrative law judge was questioning plaintiff's credibility about his *current* limitations, her discussion makes little sense because she found that plaintiff *is* disabled as of May 2012. To the extent she was limiting her opinion to plaintiff's condition before May 2012, she did not even attempt to explain why she believed any statements by plaintiff regarding his past limitations were less credible than those about his current condition.

With respect to the administrative law judge's statement about plaintiff's pain medication, she seemed to question his need for it because he drove to the hearing without it. Although she acknowledged that plaintiff testified that he was concerned that it was unsafe to drive while under the influence of the medication, she seemed to question that because she did not see any evidence of side effects that he experienced from the medication.

That reasoning is flawed because the medication in plaintiff's pain pump was *morphine*, AR 45, which obviously would impair plaintiff's driving regardless of other side effects it might have.

Next, the administrative law judged seemed to question plaintiff's credibility because he "denied he was advised to get treatment for alcohol use, but medical records indicate claimant was told to cut down on alcohol." However, in the medical record the administrative law judge cited, the physician wrote that plaintiff "was *not* advised to quit/cut down," AR 496 (emphasis added), so there is no discrepancy.

Finally, the administrative law judge noted that plaintiff's daily activities included things such as watering flowers, using a self-propelled snow blower and using a personal computer. However, the administrative law judge failed to explain how any of those activities were inconsistent with a finding that plaintiff was disabled before May 2012, particularly with respect to using a computer or watering flowers. The Court of Appeals for the Seventh Circuit has stated repeatedly that "a person's ability to perform daily activities, especially if that can be done only with significant limitations, does not necessarily translate into an ability to work full-time." Roddy v. Astrue, 705 F.3d 631, 639 (7th Cir. 2013). For example, in Bjornson, 671 F.3d at 647, the court observed, "[t]he critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by

4

administrative law judges in social security disability cases." Thus, the administrative law judge may not do what she did in this case, which is question plaintiff's credibly simply by listing relatively easy tasks that the plaintiff can perform under some circumstances.

In her brief, the commissioner defends the administrative law judge's credibility determination on the ground that the objective evidence did not support a finding that plaintiff was disabled, but this argument has two problems. First, there is no discussion in the administrative law judge's opinion in which she found plaintiff's credibility lacking on this ground. As the court of appeals has stated many times (usually in exasperation), the commissioner may not rely on rationales on appeal if the administrative law judge did not rely on them. Hanson v. Colvin, 760 F.3d 759, 762 (7th Cir. 2014); Larson v. Astrue, 615 F.3d 744, 749 (7th Cir. 2010). Second, even if the commissioner had questioned plaintiff's credibility for this reason, it is also well-established that "an ALJ may not discredit testimony of pain solely because there is no objective medical evidence to support it." Myles v. Astrue, 582 F.3d 672, 676-77 (7th Cir. 2009). Accordingly, I am remanding the case to allow the administrative law judge to reconsider plaintiff's credibility.

ORDER

IT IS ORDERED that Kevin Carlson's motion for summary judgment, dkt. #32, is GRANTED. The decision denying plaintiff benefits is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g). The clerk of court is directed to enter judgment in

favor of plaintiff and close this case.

Entered this 29th day of December, 2014.

                                            BY THE COURT:
                                            /s/
                                            BARBARA B. CRABB
                                            District Judge